No. 3.—BENNETT S. BATTLE and others, plaintiffs in error, *vs.* HARDY DURHAM and another, defendants in error.

[1.] Where a bill was filed by the *cestui que trusts*, against a trustee, for the execution of an express trust: *Held*, that to make the Statute of Limitations available on demurrer, as a bar, it must affirmatively appear on the face of the complainant's bill, that the period of time prescribed by the Statute had elapsed, from the time of the alleged conversion of the assets by the defendant, before the filing of the bill, to compel the execution of the trust.

Battle *et al. vs.* Durham and another.

In Equity, in Twiggs Superior Court. Decision on demurrer, by Judge HANSELL. October Term, 1851.

In 1836, James R. Lowery died, and Thomas J. Perryman became his administrator, giving Hardy Durham as the surety on his bond. In 1841, James G. Guerry, as the guardian of three of the minor children of Lowery, filed a bill for account and distribution against Perryman, and a decree was rendered thereon, at April Term, 1842, for each complainant, for $2048 64.

In July, 1850, Bennett Battle, who married one of the minor children, and the other two children, filed their bill against Durham and Guerry, charging the foregoing facts; and farther, that Perryman removed from Georgia to Texas, taking with him all of his visible property; that about the time of his removal, he left a trunk (containing a large amount of *assets*, to wit: bills, bonds, promissory notes and other choses in action, titles to lands, &c. of great value, viz : of the value of eight thousand dollars, a portion or all of which, were the assets of Lowery's estate,) with one William R. Willis, with directions that the trunk and its contents should be placed in the possession of Hardy Durham, for the purpose of paying off the amount due to the complainants; that Willis delivered the trunk and contents, with the directions to said Durham, who received the same with notice of the purposes of the said Perryman, as aforesaid; that Durham refused to carry out these directions, but converted and appropriated the same to his own use; that complainants are ignorant of the precise character of the assets; and that the facts in relation to the receipt of the assets by Durham, have but recently come to their knowledge, since 1st January, 1850. The prayer was for an account.

To this bill, Hardy Durham demurred, on various grounds, and upon hearing argument, the Court below sustained the demurrer, on the ground that the claim of complainants was barred by the lapse of time and the Statute of Limitations.

This decision is assigned as error.

B. HILL, for plaintiff in error.

S. T. BAILEY, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The complainants allege in their bill, that the defendant received the assets contained in the trunk, for the purpose of paying the debt due by Perryman to them, the same being of the value of eight thousand dollars, and that the defendant, at the time he received the same, had *notice* of the purpose, for which the same were directed to be placed in his hands by Perryman. The complainants also allege, that the defendant has not paid their demand against Perryman out of the said assets, but has *converted* the same to his own use, &c. It is not stated by the complainants at what time the defendant refused to pay them, or at *what time he converted the assets to his own use.*

The defendant demurred to the bill, on the ground that the complainants' demand was barred by the Statute of Limitations.

The defendant held the assets placed in his hands, by the direction of Perryman, as a *trustee* for the payment of the complainants' demand, which a Court of Equity will compel him to execute. The defendant received the assets, *to be paid to the complainants*, and according to the ruling of this Court, in *Keaton vs. Greenwood*, (*8th Georgia Rep.* 102) it constituted an express, or direct trust. The argument for the defendant in error is, that the complainants allege, that the defendant *converted* the assets to his own use, and refused to pay their demand against Perryman, and therefore, the Statute of Limitations commenced to run from the time of such conversion, in favor of the defendant. However that may be, it is a sufficient answer to say, that it does not *affirmatively* appear on the face of the complainants' bill, that four years, or any other *definite* period of time, had elapsed, from the conversion of the assets, to the time of filing their bill in Court, for the execution of the trust.

In order for the Statute of Limitations to constitute a good defence on demurrer, it should have appeared on the face of

the bill, that the period of time prescribed by the Statute had elapsed, from the time of the conversion of the assets by the defendant, before the filing of the bill in Court; *that fact* not appearing on the face of this bill, it is not necessary to consider the effect of the allegation, that the receipt of the assets by the defendant, was not known to the complainants, until January, 1850.

Let the judgment of the Court below be reversed.